IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 22-45-BLG-SPW |
| Plaintiff, | |
| vs. | ORDER ON MOTION TO SUPPRESS |
| JONATHAN ANDREW RASCO, | |
| Defendant. | |

Before the Court is Defendant Jonathan Rasco's Motion to Suppress. (Doc. 23). Rasco seeks to suppress evidence obtained from a search of his apartment in Glendive, Montana, on the grounds that the issuing judge incorrectly concluded that the warrant application was supported by probable cause. (Doc. 24 at 3). The Government opposes the motion. (Doc. 29). On November 8, 2022, the Court held a hearing on the matter and the parties rested on their briefing. (Doc. 32).

## I.    Background

On November 9, 2021, Deputy Brett Hoagland of the Dawson County Sheriff's Office applied for a search warrant to search Defendant's apartment. Hoagland stated that several facts supported a finding of probable cause for the crime of forgery under Mont. Code Ann. § 45-6-325. He stated:

"Several counterfeit bills have been passed around Glendive. [Rasco] has close ties to Mr. Timothy Hall, and lives only one door away from him. Mr. Hall is known to have attempted to pass counterfeit currency recently. Furthermore, your affiant has confirmed with two independent sources that the above mentioned defendant is operating a counterfeit credit card operation as well from this room. Your affiant also has information that the above named defendant has a t-shirt printing machine in his possession at the above mentioned address, which could be used to counterfeit currency as well. Your affiant has also learned that the above named defendant has a long criminals [sic] history of forgery, identity theft, along with other crimes, and currently has a [sic] active warrant for his arrest out of the State of Texas."

(Doc. 26 at 4). Judge Olivia Rieger signed and issued the warrant on November 9, and the officers executed the warrant the next day. The initial search led to two more search warrants, each predicated on the first. In the apartment, officers apparently discovered evidence of fraud and the presence of illegal drugs. Rasco now moves to suppress all evidence discovered inside the apartment, alleging that the initial warrant application was insufficiently supported by probable cause. (Doc. 24 at 3).

## II.   Legal Standards

Where a search is conducted by state law enforcement pursuant to a state warrant and is not otherwise "federal in character," the warrant need only conform to the requirements of the Federal Constitution, rather than to the procedural requirements of Rule 41, Fed. R. Crim. P. *See United States v. Bookout*, 810 F.2d 965, 967 (10th Cir. 1987). The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against

2

Case 1:22-cr-00045-SPW   Document 33   Filed 12/12/22   Page 3 of 9


unreasonable searches and seizures[.]" U.S. Const. amend. IV. "[N]o Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." *Id.* "Probable cause means only a 'fair probability,' not certainty, and requires consideration of the totality of the circumstances." *United States v. Hill*, 459 F.3d 966, 970 (9th Cir. 2006) (quoting *Illinois v. Gates*, 462 U.S. 213, 238). Probable cause exists when there is a fair probability that contraband or evidence of a crime will be found in a particular place. *United States v. Needham*, 718 F.3d 1190, 1194 (9th Cir. 2013). "[P]robable cause means 'fair probability,' not certainty or even a preponderance of the evidence." *United States v. Gourde*, 440 F.3d 1065, 1069 (9th Cir. 2006) (citing *Gates*, 462 U.S. at 246).

To withstand constitutional scrutiny, a warrant must particularly describe the place to be searched and the things to be seized. *Groh v. Ramirez*, 540 U.S. 551, 557 (2004). A particular warrant prevents general searches and "assures the individual whose property is searched or seized of the lawful authority of the executing officer, his need to search, and the limits of his power to search." *Id.* at 561 (citation and internal quotation omitted). The "test for determining the sufficiency of the warrant description is whether the place to be searched is described with sufficient particularity to enable the executing officer to locate and identify the premises with reasonable effort, and whether there is any reasonable

probability that another premise might be mistakenly searched." *United States v. Turner*, 770 F.2d 1508, 1510 (9th Cir. 1985) (internal quotation omitted). The Court must treat the magistrate's decision to grant the warrant application with deference and inquire whether there was a "substantial basis" for the issuing judge to conclude that probable cause existed. *See Massachusetts v. Upton*, 466 U.S. 727, 733 (1984).

Even if a warrant is unsupported by probable cause, suppression of the evidence found in a search pursuant to that warrant is not justified if the officers' reliance on the judge's determination of probable cause was objectively reasonable. *United States v. Needham*, 718 F.3d 1190, 1194 (9th Cir. 2013). The United States, not the defendant, bears the burden of proving that its agents' reliance upon the warrant was objectively reasonable. *United States v. Corral-Corral*, 899 F.2d 927 (10th Cir. 1990).

For the good faith reliance exception to apply, the affidavit must establish "at least a colorable argument" for probable cause, and the officers must have relied on the search warrant in an objectively reasonable manner. *United States v. Krupa*, 658 F.3d 1174, 1179 (9th Cir. 2011) (citations omitted). The inquiry is not what the executing officer believed, or could have believed, but "whether a reasonably well-trained officer would have known that the search was illegal

despite the [judge's] authorization." *United States v. Luong*, 470 F.3d 898 (9th Cir. 2006) (emphasis added).

The four situations are: "(1) where the affiant recklessly or knowingly placed false information in the affidavit that misled the issuing judge; (2) where the judge wholly abandon[s] his [or her] judicial role; (3) where the affidavit is 'so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; and (4) where the warrant is so facially deficient – i.e., in failing to particularize the place to be searched or the things to be seized – that the executing officers cannot reasonably presume it to be valid." *United States v. Underwood*, 725 F.3d 1076, 1085 (9th Cir. 2013) (internal quotations omitted).  If any of these four situations apply, the Court "need not inquire further" and can conclude that the good faith exception to the exclusionary rule does not apply. *Id.* In these situations, "the officer will have no reasonable grounds for believing that the warrant was properly issued." *Id.*

## III.    Analysis

Defendant challenges the validity of the warrant, arguing that the warrant is nonspecific as to the place to be searched and items to be seized and the warrant is not supported by an application that establishes probable cause.  (Doc. 24 at 4). The Court will quickly address the specificity argument first.  Given that the place to be searched is a one-room apartment, identified by room number, the Court

5

cannot conclude that the warrant does not properly identify the place to be searched. The Court also finds that the evidence sought described in the warrant is sufficiently specific. *See Groh*, 540 U.S. at 557. The warrant indicates that its scope includes evidence of forgery and fraud. (Doc. 26 at 8-10). Although this list of evidence sought is extensive, it is not essentially unlimited—as would be required to find the warrant overbroad. *Cf. United States v. Clark*, 31 F.3d 831, 836 (9th Cir. 1994). Accordingly, the Court concludes that the warrant is sufficiently specific in the place to be searched and items to be seized.

However, the Court finds that the warrant application—even when viewed with applicable deference to the issuing magistrate—does not support a finding of probable cause. The application lists six facts in support for probable cause of the crime of forgery: (1) "several" counterfeit bills having been passed in Glendive; (2) the Defendant's "close ties" to his neighbor, Hall, who had recently passed counterfeit bills; (3) "two independent sources" who provided information that Defendant is operating a counterfeit credit card operation; (4) information that the Defendant possesses a t-shirt printing machine, which "could" apparently be used to create counterfeit bills; and (5) Defendant's criminal history of forgery and identity theft, as well as an active Texas arrest warrant. (Doc. 26 at 4). Generally, the application's statement of probable cause is incredibly vague. It states the background fact of the existence of counterfeit currency in the community. It does

6

not explain in any detail where or how the affiant obtained any of this information.
It is unclear whether the Defendant's "close ties" with Hall go beyond their
relationship as neighbors. The independent sources are totally anonymous and
nonspecific, and there is no indication of the reliability of their information or
degree of police corroboration. Likewise, there is no indicia of reliability or police
corroboration of the "information" that Defendant has a t-shirt printing machine in
his possession. Additionally, the affidavit states that a t-shirt printing machine
"could" be used to produce counterfeit bills but does not indicate any facts linking
Defendant to the production of fake bills with the machine. Finally, it recites
Defendant's criminal history.

The Court cannot find a substantial basis for a finding of probable cause
here. Considering the totality of the evidence, there is not a fair probability that
evidence of forgery would be discovered. The unidentified tips alleging Defendant
was operating a forged credit card operation cannot amount to probable cause
because they lack any degree of specificity or corroboration which would allow the
judge to evaluate their veracity. *See Gates*, 462 U.S. at 241. Put another way,
mere anonymous sources who believe a crime has been committed, without any
other detail or basis of knowledge provided in the affidavit, cannot support a
finding of probable cause. Knowledge that a neighbor the Defendant knows is
committing a crime cannot be a substantial basis for a finding of probable cause

7

and suggests guilt by association. Having a criminal history of fraud and possessing a t-shirt printer while living next to someone committing forgery crimes in the community simply cannot, without more, rise to a fair probability that evidence of the crime of forgery would be located at the Defendant's apartment. Therefore, the exclusionary rule is triggered unless an exception applies.

Here, the government asserts that the good faith exception should apply. For the good faith reliance exception to apply, the affidavit must establish "at least a colorable argument" for probable cause, and the officers must have relied on the search warrant in an objectively reasonable manner. *Krupa*, 658 F.3d at 1179. The Court finds that a reasonable officer would know that the warrant lacked probable cause. There are no facts linking the Defendant to Hall's alleged passing of counterfeit currency or an alleged fake credit card operation, beyond mere anonymous and undetailed claims. The facts set forth in the affidavit in support of probable cause are so lacking in specificity, basis of knowledge, and reliability as to render official belief in the existence of probable cause entirely unreasonable. Accordingly, the good faith exception does not apply.

## IV.   Conclusion

Here, suppression is the appropriate remedy because it effectuates the guarantee of Fourth Amendment protection from unreasonable search and seizure and compels law enforcement to conform its conduct to those standards.

8

IT IS HEREBY ORDERED that Defendant's Motion to Suppress Evidence (Doc. 23) is GRANTED.

DATED this 12 day of December, 2022.

SUSAN P. WATTERS
United States District Judge